# In the United States Court of Federal Claims

No. 26-6C

(Filed: October 14, 2026)

| | |
|---|---|
| **RODRICK MAURICE BRAYBOY,** | ) |
| ***Plaintiff,*** | ) |
| **v.** | ) |
| **THE UNITED STATES,** | ) |
| ***Defendant.*** | ) |

**DISMISSAL ORDER**

On January 2, 2026, Plaintiff, Mr. Rodrick M. Brayboy, a prisoner incarcerated at the State Correctional Institution Mahanoy in Frackville, Pennsylvania, proceeding *pro* se, filed a complaint in this Court, ECF No. 1,[1] along with an application to proceed *in forma pauperis* ("IFP"), ECF No. 2. Despite the default language on the complaint form listing "The United States" as defendant, Mr. Brayboy specified in the body of his complaint that he has filed this action against the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and the Pennsylvania Department of Corrections and Board of Probation and Parole. ECF No. 1 at 1. Mr. Brayboy alleges that the identified courts violated his due process and equal protection rights, pursuant to the Fourteenth Amendment, by improperly ruling upon a habeas corpus proceeding and not adhering to the Federal Rules of Civil Procedure. *Id.* Mr. Brayboy further alleges that the Pennsylvania Department of Corrections and Board of Probation and Parole also violated his Fourteenth Amendment rights by illegally incarcerating him. *Id.* Invoking this Court's jurisdiction under 28 U.S.C. § 1491 ("Tucker Act"), and separately, 28 U.S.C. § 1495 (damages for unjust conviction and imprisonment), Mr. Brayboy seeks trillions of dollars ("$100 billion x

[1] Citations to specific page numbers within electronic filings are to the ECF-stamped page numbers in the header of the filed PDF.

50+") in monetary damages as well as declaratory relief regarding his alleged illegal incarceration. *Id*. at 1, 8; ECF No. 1-1 at 2.

On January 23, 2026, Mr. Brayboy filed a motion for leave to amend his complaint, in which he requested to remove the Pennsylvania Department of Corrections and Board of Probation and Parole as Defendants. ECF No. 5. Mr. Brayboy additionally asserted that he "[f]ile[d] under imminent [d]anger [as] he was assaulted in this facility and is being held illegal[l]y and [c]ase [c]orrupted," adding that this attack "was [o]rchestrated by District Court and Superintendents to sue cases once [w]rits are adjudicated trying to kill me." *Id.* at 2. On February 5, 2026, the government filed a response to Mr. Brayboy's complaint and subsequent amendment, moving to dismiss the case for lack of subject matter jurisdiction. ECF No. 7. On February 18, 2026, Mr. Brayboy filed a second motion for leave to amend his complaint, in which he sought to remove his invocation of 28 U.S.C. § 1495, and add a new claim under "Title 18 of the U.S. Code 5101 Obstruction of Justice"[2] for alleged wrongdoings by unnamed judges (and their clerks) in denying Mr. Brayboy habeas relief, depriving him of due process, among other complaints. ECF No. 9 at 2.

Mr. Brayboy's IFP application is **DENIED** and his pending complaint must be **DISMISSED**.

A prisoner may not bring an IFP civil action in federal court if, while incarcerated, three or more of his actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted (also known as the "three-strikes rule"). *See* 28 U.S.C. § 1915(g); *Brayboy v. Dep't of Just.*, 2024 WL 3497892, at *1 (E.D. Pa. July 19, 2024). During Mr. Brayboy's last foray into the Court of Federal Claims, Judge Lerner denied Mr. Brayboy IFP status, citing two district court opinions which had previously rejected Mr. Brayboy's IFP requests on the grounds of his already having racked up at least three strikes. *See Rodrick Maurice Brayboy v. United States*, Case No. 25-2136, ECF No. 7 (Fed. Cl. Jan. 6, 2026) (Lerner, J.) (dismissing case without prejudice for failure to prosecute after Mr. Brayboy failed to pay the filing fee of the Court of Federal Claims when his IFP application was denied) (citing *Brayboy v. Dep't of Justice*, Case No. 24-1504, ECF No. 14 (M.D. Pa. Feb. 27, 2025); and *Brayboy v. Dep't of Just.*, 2024 WL 3497892, at *2 (E.D. Pa. July 19, 2024)).

[2] No provision under the United States Code exists which matches this number and description. Presumably, Mr. Brayboy is referring to a provision of Pennsylvania's state law, 18 P.A. Cons. Stat. § 5101, which governs penalties for obstructing administration of the law.

The only permitted exception to the "three-strikes rule" is if the prisoner is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). To trigger § 1915(g)'s imminent danger exception, there must exist a nexus between the prisoner's substantive claims and the alleged imminent danger. *See Fourstar v. United States*, 950 F.3d 856, 859 (Fed. Cir. 2020) (explaining that § 1915(g) "requires that the prisoner's complaint seek to redress an imminent danger of serious physical injury and that this danger must be fairly traceable to a violation of law alleged in the complaint" (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 296–97 (2d Cir. 2009))).

The nexus requirement necessarily factors in whether the underlying claim falls within this Court's jurisdiction. *Fourstar* involved an imprisoned litigant raising a Tucker Act claim over alleged illegal construction of an oil pipeline in Indian territory. He contended that he faced imminent danger because: (1) leakage from the pipeline could threaten his health and wellbeing; and (2) "the medical staff at the detention center denied him surgical, dental, and medical care." *Fourstar*, 950 F.3d at 859. On the former argument, the trial court concluded that he did not qualify for IFP status because he was imprisoned outside the geographic scope of where any such leakage might occur. On the latter, the trial court denied his application on the grounds that he "show[ed] no relation to his Tucker Act assertions concerning management of Indian properties and resources." *Id*. Thus, "[a]bsent some nexus between a complaint's claims and its allegation that a plaintiff is under imminent danger of serious physical harm, the injury-in-fact that Congress so carefully excepted from the general requirement that a three-strikes litigant pay his filing fees could go unaddressed by the litigation—a result clearly contrary to the *raison d'être* of the exception itself." *Id.* at 859–60 (quoting *Pettus*, 554 F.3d at 298).

Moreover, "a prisoner may invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). "'Imminent dangers' are ones which are 'about to occur at any moment or are impending,' not harms that have already occurred." *Brayboy v. Heenan*, 2025 WL 1210696, at *1 (M.D. Pa. Apr. 25, 2025) (quoting *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015)). And, even if an applicant has properly alleged imminent danger, "[c]ourts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ball*, 726 F.3d at 468 (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).

Finally, pursuant to the express terms of § 1915, "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal" is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2)(B)(i)–(iii).

Here, although Mr. Brayboy has exhausted his strikes, he invokes § 1915(g) by asserting that he is "[f]il[ing] under imminent [d]anger," as he was "assaulted in this facility and is being held illegally and case corrupted [sic]," as part of a conspiracy to "kill" him, "orchestrated by" the Eastern District of Pennsylvania and his prison superintendent. ECF No. 5. Mr. Brayboy's allegation—even putting aside its fantastical nature—does not satisfy the § 1915(g) imminent danger exception for several reasons.

First, Mr. Brayboy has not identified a connection between his substantive claims and the alleged imminent harm. Second, he has not stated a claim over which this Court might conceivably possess jurisdiction. Finally, the imminent harm Mr. Brayboy alleges is itself plainly fantastical.

Mr. Brayboy has neither alleged nor demonstrated any connection between his Fourteenth or Fifth Amendment claims and his alleged assault. *See Williams v. United States*, 2024 WL 5103186, at *1 (Fed. Cl. Dec. 13, 2024) (holding that alleged danger resulting from imprisonment itself is not enough to trigger the "imminent danger" exception); *see also Ball*, 726 F.3d at 468 (holding that vague or conclusory claims of imminent danger and past injuries that have not reoccurred are insufficient to establish that an imminent danger under Section 1915(g) exists).

Moreover, even if this Court were to find Mr. Brayboy's claim-harm nexus adequate — on the grounds that he would not be imprisoned and subject to the putative conspiracy but for his supposedly wrongful conviction — the imminent danger exception requires that this Court possess jurisdiction to decide the underlying claims. Mr. Brayboy seeks monetary damages, declaratory relief, and his release from prison. ECF No. 1 at 8. The Tucker Act provides this Court with jurisdiction over monetary claims against the United States founded upon the Constitution, a statute or regulation, or an express or implied contract, but does not itself create a substantive cause of action. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Instead, a plaintiff must identify a separate money-mandating source of substantive law. *Id.* A statute is money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government for

the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (alteration in original) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Mr. Brayboy has alleged multiple due process violations, but identifies no money-mandating source of law upon which his claims could be based sufficient to invoke this Court's Tucker Act jurisdiction.

The Due Process Clauses of the Fifth and Fourteenth Amendments are not money-mandating sources of law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Mr. Brayboy further alleges violations of the Equal Protection Clause, which, likewise, is not money-mandating. *Spain v. United States*, 277 F. App'x 988, 989 (Fed. Cir. 2008) (citing *LeBlanc*, 50 F.3d at 1028). In his initial complaint, Mr. Brayboy sought damages under 28 U.S.C. § 1495, which provides for damages due to unjust imprisonment. That statute *is* money-mandating, but requires the plaintiff to allege and prove that "[h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction." 28 U.S.C. § 2513(a)(1); *see Bobka v. United States*, 133 Fed. Cl. 405, 409–10 (2017) (explaining that a plaintiff suing under § 1495 must satisfy the conditions of § 2513). These requirements have "always been strictly construed," *Bobka*, 133 Fed. Cl. at 410 (quoting *Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972)), and requires "either a certificate or explicit finding of innocence granted by the court or a pardon." *Id.* at 410. It does not grant this Court the power to independently review and overturn a conviction, as Mr. Brayboy seeks in his present complaint.[3] Indeed, this Court categorically lacks jurisdiction to review district court judgments in criminal proceedings. *See Williams v. United States*, 179 Fed. Cl. 29, 31–32 (2025) (a plaintiff seeking relief for a district court's forfeiture of his property in his criminal proceeding "should be seeking relief in that court"); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming the dismissal by the Court of Federal Claims of a claim predicated in part on the federal criminal code, on the grounds that the Court of Federal Claims lacks jurisdiction to adjudicate claims under non-money-mandating criminal law). Even a claim which might conceivably fall

---

[3] Mr. Brayboy's second motion for leave to amend his complaint seeks to abandon his claim based on 28 U.S.C. § 1495 and instead replace it with what appears to be a Pennsylvania state statute: 18 P.A. Cons. Stat. § 5101. ECF No. 9 at 2. As such a statute manifestly cannot be "fairly [] interpreted as mandating compensation by the Federal Government for the damages sustained," *Mitchell*, 463 U.S. at 217 (quoting *Testan*, 424 U.S. at 400), Mr. Brayboy's attempt at amending his complaint to rest on this alternative theory is ineffectual and frivolous.

within this Court's Tucker Act jurisdiction is precluded if it "requires the court to 'scrutinize the actions of' another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (affirming this Court's dismissal of a Takings Clause claim which would have required review of the Drug Enforcement Administration's seizure of plaintiff's airplane (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001))).

This Court also lacks jurisdiction to decide claims against state entities and officials. *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (finding that claims against "states, localities, state and local government entities, or state and local government officials and employees" fall outside this Court's jurisdiction). And, even though Mr. Brayboy amended his complaint to remove the state defendants, his remaining claim against the district court patently falls outside of this Court's jurisdiction, as this Court "does not have jurisdiction to review the decisions of federal district courts." *Straw v. United States*, 4 F.4th 1358, 1361 (Fed. Cir. 2021).

Accordingly, even accepting Mr. Brayboy's farfetched allegation of a conspiracy — between a federal court and his prison superintendent — to harm him, this Court lacks jurisdiction to decide his claims. Thus, there is no basis for this Court to permit Mr. Brayboy to proceed IFP based on the allegation of imminent harm. And even if Mr. Brayboy *did* plausibly invoke a money-mandating statute sufficient to vest this Court with jurisdiction to decide his claims, monetary relief would have no impact on the imminent danger itself: "a result clearly contrary to the *raison d'être* of the exception itself." *Pettus*, 554 F.3d at 298.[4]

In any event, the substance of Mr. Brayboy's claim of imminent danger is patently insufficient. His attempt to invoke the exception relies on baseless, conclusory assertions. This Court is under no obligation to treat as true "[c]laims of imminent danger that are 'conclusory or ridiculous,'" as they "do not qualify" for the imminent danger exception. *Brayboy*, 2025 WL 1210696, at *1 (quoting *Ball*, 726 F.3d at 468).

---

[4] Indeed, this Court has a difficult time imagining a scenario in which there is a sufficient nexus between an alleged imminent danger pursuant to 28 U.S.C. § 1915(g) and a substantive claim properly within the subject matter jurisdiction of this Court. That is because a successful suit for monetary damages against the United States is unlikely to address, ameliorate, or have any connection whatsoever to, any threat of imminent harm.

In sum, Mr. Brayboy's pleadings, in addition to falling short of the imminent danger exception to the three-strikes rule, fall squarely outside of this Court's jurisdiction. This Court **DENIES** Mr. Brayboy's IFP application due to his ineligibility under the three-strikes rule and insufficient allegation of imminent danger. This Court further **DENIES** for futility Mr. Brayboy's second motion for leave to amend his complaint. Finally, this Court **GRANTS** the government's motion and **DISMISSES** Mr. Brayboy's complaint for lack of jurisdiction.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Chief Judge